SUMMARY ORDER

Petitioner Shi Ming Zeng, a native and citizen of the People’s Republic of China, seeks review of a November 8, 2007 order of the BIA denying his motion to reopen. In re Shi Ming Zeng, No. A029 793 777 (B.I.A. Nov. 8, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
The BIA did not err in denying Zeng’s untimely motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C); see also 8 C.F.R. § 1003.2(c)(2). Zeng argues that the BIA erred in concluding that he failed to produce evidence demonstrating either material changed country conditions sufficient to excuse the untimely filing of his motion to reopen or his prima facie eligibility for relief from deportation. However, these arguments fail because we have previously reviewed the BIA’s consideration of evidence similar to that which Zeng submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. See Jian Hui Shao, 546 F.3d at 169-72 (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Moreover, contrary to Zeng’s argument, the BIA reasonably found that his particularized evidence was not material because it did not reference the forced sterilizations of similarly situate ed individuals. See Jian Hui Shao, 546 *618 F.3d at 160-61. Even if, as Petitioner contends, the BIA was mistaken in thinking that he had failed to submit the original of the document from the Tinjiang Town Government, any such error is harmless because the BIA reasonably stated, “Even if we consider arguendo this document, he has not demonstrated that the policy expressed within constituted evidence of changed country conditions in the absence of any evidence that the prior version of the law was different, or differently enforced, in some relevant and material way.” (BIA opinion at 3)
We lack jurisdiction to consider any argument that the BIA abused its discretion in declining to reopen Zeng’s proceedings sua sponte. See All, 448 F.3d at 518.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).